**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| SAMUEL HOFFMEYER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MARINICH, *et al*.,<br><br>Defendants. | : | Case No. 1:26-cv-00357<br><br>District Judge Matthew W. McFarland<br>Magistrate Judge Caroline H. Gentry |

## REPORT AND RECOMMENDATION

This matter is before the Court as Plaintiff has not responded to three separate orders from this Court. On April 14, 2026, the Court identified deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) and ordered him to either pay the filing fee or submit a complete *in forma pauperis* application. (Doc. 3). On May 1, 2026, upon discovering that Plaintiff had been released from incarceration on APA Supervision, the Court ordered Plaintiff to file a "Notice of Change of Address" with the Court by May 22, 2026. (Doc. 5). Plaintiff was advised that if he failed to comply with the Order, his case could be dismissed for want of prosecution. *Id*. at 43. Finally, on June 24, 2026, the Court issued a Final Deficiency Order, instructing Plaintiff to either pay the filing fee or submit a complete in forma pauperis application and to file a "Notice of Change of Address" with the Court by July 24, 2026. (Doc. 9). Plaintiff was warned that failure to comply with the Final Deficiency Order may result in a recommendation to the District Judge that his case be dismissed for want of prosecution. *Id*. at 60. To date, Plaintiff has not complied with any of the Court's orders. The Court's mail to Plaintiff has been returned four times. (*See* Docs. 6, 7, 8, 10).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Accordingly, because Plaintiff has failed to comply with the Court's Deficiency Order issued on April 14, 2026, the Order to Update Address issued on May 1, 2026, and the Final Deficiency Order issued June 26, 2026, the undersigned **RECOMMENDS** that this matter be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b).

The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and on that basis **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).